**Dismissed and Memorandum Opinion filed December 15, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00362-CV

## THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF E.C.

**On Appeal from the County Court at Law No. 2**
**Fort Bend, Texas**
**Trial Court Cause No. 15-CMH-002800**

### MEMORANDUM OPINION

Appellant, E.C., appeals an order for temporary in-patient mental health services. We dismiss E.C.'s appeal as moot.

### BACKGROUND

E.C.'s daughter, Rebecca Johnson, filed an application for court-ordered temporary mental health services on April 6, 2015. Johnson alleged that E.C. is mentally ill and asked the trial court to commit E.C. for treatment at the Oak Bend Medical Center mental health facility for up to ninety days. *See* Tex. Health &

Safety Code Ann. § 574.001 (Vernon Supp. 2015). The application was filed together with an affidavit by Johnson and a certificate of medical examination for mental illness signed by Dr. Owen Capocyan after he had examined and diagnosed E.C. with psychosis on April 3, 2015. *See* Tex. Health & Safety Code Ann. § 574.011 (Vernon Supp. 2015).

Assistant County Attorney Jason Dizon filed a motion for an order of protective custody on April 6, 2015, requesting that the trial court order E.C.'s immediate transport to Oak Bend Medical Center. *See* Tex. Health & Safety Code Ann. § 574.021 (Vernon 2010). E.C. was received at the facility on April 9, 2015.

On April 8, 2015, the trial court signed (1) an order appointing attorney Michael Klosowsky to represent E.C.; and (2) a notice that a hearing on the application for court-ordered temporary mental health services was set for 1:30 p.m. on April 15, 2015, at the County Court at Law No. 2.

Dr. Matthew Brams, a psychiatrist, filed a certificate of medical examination for mental illness on April 13, 2015, after he examined E.C. and diagnosed him with psychosis.

A hearing was held on April 13, 2015. Johnson, Dr. Brams, and licensed master social worker Nora Law of the Oak Bend Medical Center Senior Care Unit testified at the hearing regarding E.C.'s mental illness. During his closing statement, E.C.'s attorney Klosowsky asked the trial court to deny the application for court-ordered temporary mental health services because "the requirements for committing a patient to a private mental hospital under Chapter 574.042 have not been met, and I have written a brief for the court if you want to review it; but they basically did not have an application from the patient agreeing to pay for the care at the private hospital and a written agreement from the hospital administrator has not been entered and filed." Klosowsky presented the trial court with a copy of his

2

motion for judgment in which he made the same argument.

Klosowsky asked the trial court to deny the application because there is no (1) signed application by E.C., his guardian, or next friend that E.C. be placed in a private mental hospital at E.C.'s or the applicant's expense; or (2) written agreement from the hospital administrator of the private mental hospital to admit E.C. and to accept responsibility for E.C.

The assistant county attorney responded to Klosowsky's argument as follows:

> Judge, the only thing I would say to that, first is that I did not have a copy of that until moments before going forward but — but in addition to that, it says that if you want to proceed at no cost to the state, and I don't know that we're making any claim that the state not have a cost; and in fact, he's on Medicare, so that would be a cost to the state. This 574.042 is not something to hang a hat on to dismiss a cause. That's really just an expense issue. That's my very brief response to this matter that I only just received, but I think that we have proof in the prima [facie] case under 574, and the only thing keeping this man from getting the treatment and release he needs is that order.

The trial court signed an order for temporary in-patient mental health services on April 15, 2015. E.C. filed a timely appeal on April 23, 2015. *See* Tex. Health & Safety Code Ann. § 574.070 (Vernon 2010).

## ANALYSIS

E.C. argues in his sole issue that the trial court reversibly erred in designating Oak Bend Medical Center Senior Care Unit as the facility for commitment in its order for temporary in-patient mental health services when neither an application signed by the patient nor a written agreement from the hospital administrator had been received by the trial court.

We first address E.C.'s contention that the issue he presents on appeal is not

3

moot even though he already has received mental health treatment at Oak Bend Medical Center pursuant to the trial court's order and, "[b]y the time this Court takes action on appeal," he "will have completed treatment and will have been discharged from the facility." Citing *State v. Lodge*, 608 S.W.2d 910, 912 (Tex. 1980), E.C. argues that "this case is not moot because the 'collateral consequences' exception to the doctrine of mootness applies to orders for temporary mental health services." We disagree.

A case generally becomes moot when there is no longer a live controversy. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). There are two exceptions to the mootness doctrine: one is the "collateral consequences exception," and the other is the "capable of repetition yet evading review" exception. *Lodge*, 608 S.W.2d at 912.

In *Lodge*, the supreme court held that an appeal from a judgment ordering a temporary mental commitment was not moot even though the patient had been discharged. 608 S.W.2d at 912. The supreme court explained that "commitment to a mental hospital 'can engender adverse social consequences to the individual' whether it is labeled a 'stigma' or if it is called something else." *Id*. (quoting *Addington v. Texas*, 441 U.S. 418, 426 (1979)). The court thus determined that the mootness doctrine did not apply because there were collateral consequences or stigma attached to a commitment, which could be removed only by appellate review and reversal of the trial court's judgment.[1] *Id*.

Here, E.C. does not challenge the necessity of commitment and does not

---

[1] The supreme court explained: "[W]e cannot agree that the reversal of the lower court judgment and dismissal of the cause as moot removes the collateral consequences of a commitment for mental health to the same extent as the reversal of the judgment after appellate review and the pronouncement in writing of the considerations impelling the decision favorable to the aggrieved party." *Lodge*, 608 S.W.2d at 912.

dispute that he meets the criteria for court-ordered mental health services. E.C. challenges only his placement in Oak Bend Medical Center and "ask[s] this Court to reverse the designation of Oakbend as the facility for treatment in the Order."

The present case is distinguishable from *Lodge* in that there is no stigma to be addressed because the necessity for E.C.'s commitment is not disputed. E.C. identifies no other collateral consequences or additional stigma he may suffer from being placed in the court-ordered mental health facility as opposed to being placed in a different mental health facility. A reversal in this case would not offer redress for any stigma attached to E.C.'s involuntary commitment. Accordingly, we conclude that the collateral consequences exception is not applicable to this case. We hold that the mootness doctrine applies in this case.[2] *See In re M.C.*, No. 11-98-00310-CV, 1999 WL 33748086, at *1 (Tex. App.—Eastland May 6, 1999, no pet.) (per curiam) (not designated for publication) (collateral consequences exception to mootness doctrine inapplicable where patient did not challenge the order committing her to a mental health facility but merely challenged her continued detention).

## CONCLUSION

We dismiss E.C.'s appeal as moot.

/s/    William J. Boyce
Justice

Panel consists of Justices Boyce, Busby and Brown.

---

[2] E.C. does not argue that the "capable of repetition yet evading review" exception to the mootness doctrine applies in this case. "To invoke the exception, a plaintiff must prove that: (1) the challenged action was too short in duration to be litigated fully before the action ceased or expired; and (2) a reasonable expectation exists that the same complaining party will be subjected to the same action again." *Williams*, 52 S.W.3d at 184.